**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 95-5929

GARY Z. HAGER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CR-95-93)

Submitted: July 25, 1996

Decided: August 19, 1996

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Margaret Agnes
Hickey, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Z. Hager appeals the 33-month sentence he received after he pled guilty to unlawful possession of an unregistered firearm (a short-barrelled shotgun), in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (1988). He contends that the district court should have granted him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual § 3E1.1 (Nov. 1995). We affirm.

Following Hager's guilty plea in West Virginia, he was released on bond and went to stay at his aunt's house in Pittsburgh, Pennsylvania. The next day he went to the police station at his aunt's request to obtain the release of her car, which had been impounded. When the police refused to release the car, Hager became angry and disruptive. He was arrested, convicted of disorderly conduct, sentenced to time served, and fined. He did not inform the probation officer in West Virginia or his pretrial services officer in Pennsylvania of this event. When it was discovered, Hager's bond was revoked. In sentencing Hager for the instant offense, the district court found that his conduct at the police station and failure to report his conviction demonstrated a continued willingness to flout the law. The court accordingly denied him a sentence reduction for acceptance of responsibility.

Hager argues on appeal that the district court misapplied the guideline by considering only one factor among the many listed as appropriate for consideration. See USSG § 3E1.1, comment. (n.1). He also contends that his disorderly conduct was too minor an offense to be awarded criminal history points and thus should not be considered "criminal conduct" within the meaning of the guideline commentary. Id. at comment. (n.1(b)).

We find that the district court correctly applied the guideline. The factors listed as appropriate for consideration in Application Note 1,

2

are not all of equal importance in every case. While Hager's conviction for disorderly conduct was not a serious offense, it was additional criminal conduct which the court was entitled to consider as evidence inconsistent with acceptance of responsibility. <u>See</u> USSG § 3E1.1, comment. (n.3). Application Note 5 states that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility [and] the determination of the sentencing judge is entitled to great deference on review." Affording the court's decision that deference, we find that the adjustment was properly denied.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3